## SHIPLEY et v WHITE

### Ohio Appeals, 5th Dist, Knox Co

### Decided April 4, 1929

Blair & Blair, Portsmouth and J S McDevitt, Mt Vernon, for Shipley, et.

Columbus Ewalt, Mt Vernon, for White.

**LEMERT, PJ.**

We believe that it is not within the power of a legislature to take away rights which have once been vested by a judgment.

Legislation may act on subsequent proceedings, may abate actions pending but when this action has passed into judgment the power of the legislature to disturb the rights created thereby ceases.

In the **64th Ohio State 39,** and the **101 St Ohio State** 235, it is held that a statute which imposes a new or additional burden, duty, obligation or liability, as to past transactions, is retroactive and in conflict with that part of Section 28, Article Two of the constitution, which provides, that "The General Assembly shall have no power to pass retroactive laws."

"It is a well settled principle that the legislature has no right or power to invade the province of the judiciary, by annulling, setting aside, modifying or impairing a final judgment previously rendered by a court of competent jurisdiction."

In the instant case "the prohibition against locating a cemetery within two hundred yards of a dwelling, Section 1453 Revised Statute confers on the owner of the dwelling a vested right in the nature of an appurtenance which cannot be taken away by repeal after he has begun an injunction suit." 4 **Ohio C. D. 422.** 54 **O. S. 682, 101 O. S. 387.**

Therefore, the question meets us squarely: "is **Section 3455** as amended is it prospective only or is the same also retrospective?

The restriction of establishing a cemetery or an addition thereto within two hundred yards from a dwelling house is still in the statute, except as to dwellings erected within two hundred yards from an established cemetery.

"Provided, however, if any person **shall erect** a dwelling house within two hundred yards of an established cemetery, in such case the restriction of 3442 shall not apply."

We face in this statute the words **"shall erect".**

If the Legislature so intended, it could have very easily have said, "if any person shall erect or shall have erected etc."

It is conceded in this case that it was unlawful to establish this cemetery, or addition, at the place sought to establish it, prior to the passage of the amendment, so that any claimed right now to establish same necessarily must come from the amendment itself, and therefore of necessity said amendment must be retroactive; if not retroactive then the same would not and could not affect the present case, for it is conceded that this dwelling house was erected before the passage of the amendment.

It is conceded that plaintiffs had no cause to act before the passage of the amendment and it is not claimed that the dwelling house in question was erected within the two hundred yards distance after the passage of the amendment.

So, therefore, it follows that the amendment created a cause of action on past events or that the amendment does not apply in this case.

Therefore, it is obvious in this case that the statute heretofore referred to does not apply to past transactions because the statute itself fails to expressly provide that it shall so apply.

We are of the unanimous opinion in this case that the finding and judgment herein should be and the same is herein rendered for the defendant and the plaintiffs petition hereby dismissed, at the cost of the plaintiffs.

Houck and Sherick, JJ, concur.